## Staunton.

VIRGINIA AND SOUTHWESTERN RAILWAY COMPANY v. HOL-
LINGSWORTH.

September 12, 1907.

1. VENUE—*Corporation Defendant—Plea to Jurisdiction—Better Writ.*—
   In an action of tort against a railroad company, a plea to the jur-
   isdiction is good which avers that the cause of action did not nor
   did any part thereof arise in the county in which the action is
   brought, and that, at the time of the issuing of the writ in the
   cause, the defendant did not have its principal office in said county,
   and that it had no president or other chief officer residing in said
   county, and which further states in what county the cause of action,
   if any, did arise, and in what city its principal office was at the
   time of issuing the writ and still is. The venue of all actions in
   this State, whether local or transitory, is fixed by statute, and the
   statute declares where actions against corporations as well as indi-
   viduals may be brought.

2. DEMURRER—*Voluntary Statement of Grounds—Other Grounds—Code,
   1904, section* 3271.—Under the provisions of section 3271 of the
   Code (1904), where a plaintiff voluntarily states in writing the
   grounds of his demurrer to a plea in abatement, no other grounds
   can be considered than those so stated. The fact that the grounds
   were stated voluntarily, and were not required by the court, is im-
   material. The statute applies as well in one case as the other.

Error to a judgment of the Circuit Court of Scott county, in
an action of trespass on the case. Judgment for the plaintiff.
Defendant assigns error.

*Reversed.*

The defendant, though a corporation, seems to have appeared
in proper person.

The plea to the jurisdiction in this case was in the following words:

"And the said defendant comes and says that this court ought not to have or take any further cognizance of the action aforesaid of the said plaintiff, because the defendant says that the supposed cause of the said action did not, nor did any part thereof, arise in the said Scott county, but that the supposed cause of said action, and every part thereof, did arise, if at all, within the county of Washington, and that, at the time of the issuing of the said writ in this case the said defendant did not have its principal office in said county of Scott, and that it had no president or other chief officer residing in said county of Scott, and that its principal office then was, and has ever since been, in the city of Bristol in the state of Virginia.

"And this the defendant is ready to verify.

"Wherefore it prays judgment whether this court can or will take any further cognizance of the action aforesaid."

The demurrer was in the following words:

"The plaintiff comes and says that the said plea to the jurisdiction is not sufficient in law, and for grounds for said demurrer says that this action is a transitory one and can be brought anywhere in the state the defendant may be found."

*Bullitt & Kelly* and *D. D. Hull,* for the plaintiff in error.

*Duncan, Matthew & Maynor,* and *Richmond & Bond,* for the defendant in error.

Keith, P., delivered the opinion of the court.

Maggie Hollingsworth filed her declaration in an action of trespass on the case in the Circuit Court of Scott county against the Virginia and Southwestern Railway Company, from which it appears that the defendant is a corporation, organized and doing business under the laws of the state of Virginia. At the

same rules to which the suit was brought, the defendant filed a plea to the jurisdiction, which states that the Circuit Court of Scott county "ought not to have or take any further cognizance of the action aforesaid of the said plaintiff, because the defendant says that the supposed cause of the said action did not, nor did any part thereof, arise in the said Scott county, but that the supposed cause of said action, and every part thereof, did arise, if at all, within the county of Washington, and that, at the time of the issuing of the said writ in this case, the said defendant did not have its principal office in said county of Scott, and that it had no president or other chief officer residing in said county of Scott, and that its principal office then was, and has ever since been, in the city of Bristol, in the state of Virginia;" and concludes with a verification.

The plaintiff demurred to this plea, and said "that the said plea to the jurisdiction is not sufficient in law, and for grounds for said demurrer, says that this action is a transitory one, and can be brought anywhere in the state the defendant may be found."

The circuit court, being of opinion that the cause of action sued upon is a transitory one, and that the defendant might be sued wherever found, sustained the demurrer and rejected the plea; and thereupon the defendant pleaded the general issue, and, upon a trial before a jury, there was a verdict for the defendant. This verdict was, upon motion of the plaintiff, set aside, and at a subsequent trial, there was a verdict and judgment for the plaintiff; and the case is before us upon a writ of error awarded the defendant.

So much of section 3214 of the Code of 1904 as is pertinent to this case declares, that "Any action at law or suit in equity except where it is otherwise especially provided, may be brought in any county or corporation—

*First.* Wherein any of the defendants may reside.

*Second.* If a corporation be a defendant, wherein its princi-

pal office is, or wherein its mayor, rector, president, or other chief officer resides."

Section 3215 provides, that "An action may be brought in any county or corporation wherein the cause of action, or any part thereof arose, although none of the defendants reside therein." But the effect of this latter section is qualified by section 3220, which declares that process against a defendant to answer in any action brought under section 3215, "shall not be directed to an officer of any other county or corporation than that wherein the action is brought, unless it be an action against a railroad, express, canal, navigation, turnpike, telegraph, or telephone company."

The plea in abatement to the jurisdiction in this case avers, "that the supposed cause of the said action did not, nor did any part thereof, arise in the said Scott county, but that the supposed cause of said action, and every part thereof, did arise, if at all, within the county of Washington." It avers that the defendant did not have its principal office in said county of Scott, and that it had no president or other chief officer residing in said county, and that its principal office then was and ever since has been, in the city of Bristol, in the state of Virginia. The plea is a complete negation of the jurisdiction of the circuit court of the county of Scott, with respect to the residence of the defendant, as provided in the first sub-division of section 3214, and it is equally as complete with respect to the second sub-division, which refers especially to corporations, for it appears that it had no president or other chief officer residing in Scott county, and that its principal office then was and ever since has been in the city of Bristol, Virginia. The denial of jurisdiction under section 3215 is equally complete, for it avers that the supposed cause of action did not arise in Scott county, but that it, and every part thereof, arose, if at all, within the county of Washington. There is no room for dispute that the plea denies the existence of every fact upon which the jurisdiction of the county of Scott could be asserted. It gives to the plaintiff a

better writ with respect to the cause of action, which is averred to have arisen, if at all, within the county of Washington; it gives to the plaintiff a better writ with respect to the location of the principal office of the defendant company, which is averred to be in the city of Bristol, in the state of Virginia.

It is contended, however, upon the part of the defendant in error, that the plea is insufficient, in that, while it denies that the company had a president or other chief officer residing in the county of Scott, it does not show the place of residence of the president or other chief officer, and, in that respect, fails to give to the plaintiff a better writ. In reply to this contention, it is pointed out by plaintiff in error that the terms of the rule upon this subject, with respect to a plea in abatement is, that the plea must give the plaintiff a better writ; that the plea does give the plaintiff a better writ—indeed, two better writs; and that, therefore, the letter of the rule invoked has been complied with; while defendant in error insists that the plea must inform the plaintiff with respect to every court within whose jurisdiction his suit might have been properly brought.

Conceding, for the sake of argument, that such is the law, it would avail the defendant in error nothing in this case. In section 3271 of the Code it is provided, that "The form of demurrer or joiner in demurrer may be as follows: 'The defendant says that the declaration is not sufficient in law;' provided that all demurrers shall be in writing, except in criminal cases, and in civil cases the court, on motion of any party thereto, shall, or of its own motion may, require the grounds of demurrer relied on to be stated specifically in the demurrer; and no grounds shall be considered other than those so stated, but either party may amend his demurrer by stating additional grounds, or otherwise, at any time before the trial."

The plaintiff, as we have seen, filed her demurrer in writing, in which she says that "the said plea to the jurisdiction is not sufficient in law, and for grounds for said demurrer says that this action is a transitory one, and can be brought anywhere in

the state the defendant may be found." The only ground here stated—the only ground which the circuit court was called upon to consider, and as appears from its order, the only ground which it, in point of fact, considered—is that the cause of action being a transitory one, could be brought anywhere in the state where the defendant could be found. That ground having been stated and relied upon, the statute expressly declares that none other shall be considered.

To meet this contention, the defendant in error insists that she was not required by the court to state her grounds of demurrer, but that she did so voluntarily, and that, therefore, the statute does not apply; but to this contention we are unable to give our sanction. By coming forward and stating in writing her grounds of demurrer, the court and the opposite party were disarmed. It would have been a superfluous and idle thing to· require the plaintiff to do that which she had already done of her own accord, and counsel and the opposing party could safely rely upon the written statement of the plaintiff as constituting the sole ground of demurrer with respect to the defendant's plea in abatement.

Defendant in error relies upon sections 7424, 7425, of Thompson's Commentaries on the Law of Corporations, from which it appears that, in some of the states a corporation is held to reside wherever it exercises its franchise; and upon section 7426, from which it appears that in some of the states a corporation, for the purposes of jurisdiction, is deemed to reside throughout the entire limits of the state, and especially in those counties where it carries on its business and exercises its franchises, and is hence suable in any county where it has an agent, upon whom process against it may lawfully be served. "But," says the author, "it should be carefully kept in mind that this rule is not so much a theory of the courts as to the legal *situs* of a corporation for the purposes of jurisdiction, as it is a rule in particular states, founded on the express·language of *statutes;* and that, in so far as the states have the same rule,

it is rather a rule depending upon a concurrence of judicial decisions."

Section 7427 of the same work says: "In the absence of special statutory provisions relating to the venue of civil actions by and against corporations, it is a sound conclusion that the same rules prevail which have been established by general statutes—in other words, that the same rules prevail in the case of corporations as in the case of natural persons. It has been so held in respect of actions by corporations. So, a constitutional provision requiring all civil cases to be tried in the county in which the defendant resides, is held to apply to corporations as well as to natural persons."

Section 7428 states the law very nearly in accordance with our statute. "Another rule, founded entirely, it may be assumed, on constitutional and statutory provisions, is to the effect that, a corporation being a resident of the state for jurisdictional purposes, an action against it may be brought in the county where the injury, which is the special matter of the action, was done, or where the contract, which is the subject of the action, was broken; or (at the pleasure of the plaintiff) in the county where the chief office or place of business of the corporation is situated."

Barton's Law Practice (2nd ed.) Vol. 1, sec. 9, states the general rule to be that transitory actions "may be brought against a party wherever he may be found and served with process no matter where he may reside, or where the cause of action arose. The statute declaratory of the jurisdiction, territorially, of the courts, provides that actions or suits, unless it be otherwise specially provided, shall be brought in any county or corporation wherein any of the defendants may reside; against a corporation wherein its principal office is, or chief officer resides; if upon a policy of insurance, wherein the property insured was situated, or the person whose life was insured resided at the date of the policy of insurance; if to recover land, or subject it to a debt, or be against a defendant

who resides without, but has estate or debts due him within this state, or be against a foreign corporation, in the county or corporation wherein such land, estate, or debts, or any part thereof, may be. * * *   An action may also be brought in any county or corporation wherein the cause of action, or any part thereof, may arise, although none of the defendants reside therein.   But this last provision is subject to the qualification contained in section 3220 of the Code, that process issued against a defendant under section 3215, unless the defendant be a railroad, express, canal, navigation, turnpike, telegraph, or telephone company, and in certain other cases, to answer in any action, shall not be directed to an officer of any county or corporation other than that wherein the action is brought." Further on in this same section the author remarks, that "by reading sections 3214, 3215 and 3220 together, we find that an action may be maintained against a railroad, canal, turnpike, express, navigation, telephone or telegraph company, in any county or corporation in which the cause of action, or any part thereof, arose, whether said corporation was incorporated by the laws of this state or any other state or country, provided it is transacting business in this state."

In section 84, speaking of "Direction and Service of the Writ," the learned author says:   "Where the defendant resides or happens to be in the same county or city where the cause of action arose, there is no difficulty about the writ, nor is there any trouble in suing a defendant in a transitory action wherever he resides.   Confusion has arisen, however, where suits have been brought in a county or city where the cause of action did not arise or the defendant reside, but where he happened to be at the time of the service of the writ.   In such a case, the action may be defeated by a plea in abatement.   But, even if the suit be instituted in the county or city where the cause of action arose, the writ cannot, except in the cases hereafter mentioned, be sent to another county or city to be served.   If it be so sent the action may be defeated without plea in abatement,

for the service of such a writ is simply void, and an appearance to contest it will not be regarded as an appearance on the merits, or as a waiver of the question of jurisdiction."

We have no decision upon our statutes affecting this subject as they now stand in the Code, and we have therefore gone more fully into the subject than might otherwise have been necessary.

We are of opinion that the circuit court erred in sustaining the demurrer to the plea, and that for this error its judgment should be reversed, the plea to the jurisdiction sustained, and the suit of the plaintiff in the circuit court of Scott county dismissed.

*Reversed.*