# Richmond.

## W. L. Devany, Jr. v. City of South Norfolk.

### October 1, 1925.

1. Interpretation and Construction—*Questions of Law and Fact—Ambiguous and Umambiguous Instruments.*—Where the language to be construed is unambiguous its construction is a matter of law for the court, but where considered along with other parts of the instrument its meaning is uncertain, then the situation of the parties and the subject matter, and. the construction placed upon it by the parties, especially the plaintiff, are matters of fact to be submitted to the jury, with the writing, for construction under proper instructions.

2. Municipal Corporations—*Attorney and Client—City Attorney's Right to a Contingent Fee.*—A town became a city and a dispute arose as to the city's settlement with the county for its reasonable proportion of the debt of the county under section 2902 of the Code of 1919. The city agreed with the city attorney, as additional compensation for services in the dispute between the city and the county, to pay him a retainer of $500.00 and five per cent of the amount saved the city and the amount recovered from the county. The language of the resolution authorizing this agreement with the city attorney was "further that the city attorney be employed to proceed with the matter of adjustment, and that he shall receive, according to his discretion, a fair fee and retainer for such service." A bill in equity against the county was prepared by the city attorney, but before this suit was commenced, the county abandoned any claim on account of the principal item in dispute, after which an agreement was prepared which was satisfactory to both parties.

   *Held:* That the contingent fee of the five per cent of the amount saved the city was to be paid for services in the conduct of the prospective suit, and the city attorney was not entitled to the contingent fee as the object of the retainer was to cover the contingency of the abandonment of the claim by the county.

3. Retainer—*Attorney and Client—Definition of Retainer.*—Retainer is defined as the act of a client by which he engages an attorney or counsellor to manage a cause either by prosecuting it, when he is plaintiff, or defending it, when he is defendant.

4. Municipal Corporations—*Officers—Code of 1919, Section 2708, Forbidding Officers to Have an Interest in Contract—Additional Compensation*

*to City Attorney.*—Section 2708 of the Code of 1919, forbidding coun-
cilmen and other city and town officers to have an interest in con-
tracts with, or claims against, their city or town, and declaring such
contracts to be void, is not applicable to a case where the city council
pays a retainer to the city attorney as additional compensation
for services to be rendered in a suit honestly believed to be immi-
nent.

Error to a judgment of the Circuit Court of Norfolk
county, in an action of assumpsit. Judgment for
defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*E. R. F. Wells,* for the plaintiff in error.

*Jas. G. Martin & Bro.,* for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

On the 5th day of January, 1921, South Norfolk,
prior thereto a town in the county of Norfolk, Virginia,
became a city of the second class by virtue of an order
of the circuit court of Norfolk county, pursuant to
section 2975 of Virginia Code.

At a meeting of the common council of that city,
held on September 1, 1921, W. L. Devany, Jr., was
appointed city attorney for a period of one year, be-
ginning September 1, 1921, at a salary of $600.00 per
year, and on September 2, 1921, he was notified of his
appointment by a letter from the city clerk. He immedi-
ately entered upon the duties of the office and received
the stipulated compensation.

Section 2902, Virginia Code, provides that when a town
becomes a city, it shall assume and provide for the
reimbursement of the county of a just and reasonable
proportion of any debt of the county existing at the

date the town becomes a city. It further provides that the common council of the city and the board of supervisors of the county shall make an equitable adjustment of such debt, and it shall be provided for as those bodies shall determine and agree upon.

Section 2903, Virginia Code, provides that in event the parties fail to make such adjustment and fail to agree upon such terms, either may proceed against the other by a bill in equity for a proper adjustment of the matter in the circuit court of the county.

On the 23rd day of December, 1921, there was a joint meeting of the finance committee of the board of supervisors of Norfolk county, together with the attorney for the Commonwealth, with a committee from the city council of the city of South Norfolk, together with W. L. Devany, Jr., the attorney for the city of South Norfolk. The county treasurer gave a detailed statement of the outstanding bonds of the county amounting to $1,175,000.00 (of which $525,000.00 were what are known as ferry bonds) on which the city of South Norfolk would be liable for its *pro rata* share. The liability of the city for the ferry bonds is the subject out of which this litigation arose. In the discussion of the matter the county contended that the city of South Norfolk was liable for one eighth (1-8) part of the bond issues, its proportionate part according to its population.

A copy of the minutes of this joint meeting was sent to Devany who was at the meeting of the council of the city of South Norfolk, held on January 3, 1922, made his report, and the resolution with reference to the matter of the ferry bonds was passed. The minutes and resolution are here copied in full, as upon its construction the difference between the parties has arisen.

"City Attorney W. L. Devany, Jr., reporting in the

matter of adjustment, stated the meeting of the special committee with a committee of the board of supervisors and other county officials resulted that it was agreed the city should bear one-eighth of the county indebtedness. The ferries are bonded for $75,000.00, $200,000.00 and $250.000,00; the interest only is taken care of from revenue of the ferries on the $75,-000.00 bond issue, and the interest and sinking fund on $200,000.00 bond issue and $250,000.00 bond issue are both provided for from the ferries' revenue. There was one million bond issue authorized, and to January 5, 1922, only $650,000.00 of the bonds were sold. This issue provided for an apportionment of $265,000.00 to Washington magisterial district, although none of the funds were expended in South Norfolk; the county holds that the city is liable for a proportion. Further that the city will have no interest in ferries. The city attorney contends the ferries should be appraised to determine whether they are an asset or liability, and the city accept its proportion of the assets or liabilities, as the case may be, and the county should pay the city a proportion of the $265,000.00. Judge W. L. Devany, Jr., stated the duties as city attorney are taking considerable time from his law practice, and suggested that the council allow him a fee for all court work. It was moved by Mr. M. C. White, and seconded by Mr. Zack Quidley, that the city refuse to assume any interest in the $75,000.00 ferry bonds; sinking fund and interest of $450,000.00 ferry bond issue, and require the county of Norfolk to pay the city an equitable proportion of $265,000.00 set aside for Washington district out of the one million dollar bond issue, and to demand one-eighth interest in the Norfolk county ferries based on a fair valuation, and if said county will not accept this, take such steps as to have the matter

adjudicated by proper authority; further that the city attorney be empowered to proceed with the matter of the adjustment and that he shall receive, according to his discretion, a fair fee and retainer for such service, if need be employ an associate whose fee shall be left to the city attorney's discretion; all which, on ballot, was duly carried, roll call as follows:   Ayes: Messrs. W. T. Abbott, V. Branch, R. C. Etheridge, J. K. Holland, J. O. McClaughan, Zack Quidley, and M. C. White.   Noes: None."

The next day, January 4, Devany wrote to Harry K. Wolcott, Esq., to associate him as counsel, provided his fee was satisfactory.   In the letter he requests to know what the fee would be in event they won the suit or were to lose it; suggesting that if adjudicated favorably to the city it would expect to pay more. Wolcott replied that he should receive a cash retainer of $500.00, and at the end of the controversy or any litigation growing out of the same, a contingent fee of five per cent. of any amount that we are able to save or recover for the city.

Devany reported the employment of Wolcott at the $500.00 retainer and five per cent. of what was saved to the city, with the opinion that the fee was reasonable as the litigation would be lengthy and the case go to the Court of Appeals.   At the request of Devany his fee was fixed at the same as Wolcott's.   The council paid the retainer to each of them, whereupon they prepared a bill in equity against the county of Norfolk to be filed.   But before this suit was commenced the county abandoned any claim to contribution on account of the ferry bonds; after which an agreement was prepared which was satisfactory to both parties.

Devany made demand upon the city for $3,648.43, five per cent. on $72,968.75, one-eighth of the ferry

bonds which he claimed to have saved the city. The city council refused to pay this fee. Thereupon Devany brought suit to recover the same. The city filed a plea of non assumpsit and a plea of set-off to recover back the $500.00 retainer paid the plaintiff. Upon issue joined on these pleas there was a trial by a jury which found a verdict against Devany upon his claim and in his favor on the city's plea of set-off. The usual motions for a new trial were made by both parties and over-ruled, thereupon the court entered judgment according to the verdict of the jury. The plaintiff applied for a writ of error which was granted, and the city has assigned cross error, thus the whole case is here for review.

While there are several errors assigned by the plaintiff, in reality the issue is very clear cut; and that is whether the plaintiff was employed to adjust the matter of the ferry bonds between the city and county, or to bring suit for the adjudication of the rights of the parties. The language of that part of the resolution of January 3, 1922, which employs the plaintiff is "further that the city attorney be employed to proceed with the matter of adjustment, and that he shall receive, according to his discretion, a fair fee and retainer for such service."

After the evidence was concluded, the plaintiff asked the court to instruct the jury as a matter of law that the plaintiff was employed to adjust the matter of the ferry bonds, and if he performed the service they should find for him, but the court refused to give his instruction, and gave an instruction which left to the jury to decide from all the circumstances of the case whether the plaintiff was employed to bring a suit, and his compensation was for that service alone. The jury found for the defendant and the plaintiff

contends that the action of the court was erroneous, and the evidence did not sustain the verdict of the jury.

[1] It is true that where the language to be construed is unambiguous its construction is a matter of law for the court, but where, considered along with other parts of the instrument, its meaning is uncertain, then the situation of the parties and the subject matter, and the construction placed upon it by the parties, especially the plaintiff, are matters of fact to be submitted to the jury, with the writing, for construction under proper instructions.

[2, 3] The procedure for the adjustment of the indebtedness between the county and city in this case is statutory as set forth in section 2902 of Virginia Code. The condition to the appeal to the court provided for in section 2903 is the failure to reach the agreement between them. It does not clearly appear from the minute of the council whether that body considered the right to an appeal to the court had arisen, but from Devany's account it appears he did at the meeting on January 3rd, as shown by the record (Devany whose duty it was to advise the city council and assist in the adjustment), ask to be paid extra for court work. Then follows the motion to demand one-eighth interest in the ferries and if not granted, to proceed to have their rights adjudicated. Without condition, the resolution then empowers the city attorney to proceed with the adjustment and to receive such fee and retainer as in his discretion is reasonable. The next day he proceeds to employ associate counsel to assist in the litigation for a $500.00 retainer and a contingent fee of five per cent of the amount saved the city. He reports this contract to the council as reasonable in view of the protracted litigation in prospect,

that may go to the Court of Appeals. In view of this prospect he asked that his fee be made the same as Wolcott's, which was agreed to, and each was paid five hundred dollars as a retainer.

Giving the legal definition to retainer, that is, "the act of a client by which he engages an attorney or counsellor to manage a cause either by prosecuting it when he is plaintiff or defending it when he is defendant," S. Bouvier's Law Dict. 2948, and construing the balance of the sentence, "five per cent of the amount saved your city and which may also be recovered from the county for you" with the cash retainer, the contingent fee of five per cent of the amount saved, etc., was superadded compensation to be paid for services in the conduct of the prospective suit to a successful conclusion for the city before any further compensation was due.

The county of Norfolk abandoned any claim to the assumption by the city of any part of the ferry bonds before the suit was commenced. The Commonwealth's attorney testified that he never intended asserting any claim for the ferry bonds, because the Court of Appeals had, in 1918, settled that matter between Portsmouth and Norfolk county. Whether the claim was abandoned voluntarily or after conference, gives the plaintiff no right to the contingent fee, as the very object of the retainer was to cover such contingency.

There was no error in the court in refusing the plaintiff's instruction and giving those asked by the defendant, nor in entering judgment upon the verdict of the jury, as it was amply warranted by the evidence.

[4] The defendant city filed a plea of set-off to recover back from Devany the $500.00 retainer paid him. The jury found against the city on its plea, which the circuit court approved, and we think it was

right. Section 2708 of Virginia Code, the title to which is as follows: "Councilmen and other city and town officers forbidden to have interest in contract with, or claim against, their city or town; such contract to be void," is not applicable to a case where the city council pays a retainer to its city attorney as additional compensation for services to be rendered in a suit honestly believed to be imminent.

The verdict of the jury was fully warranted by the evidence and the rulings of the circuit court were without prejudicial error to either party, therefore, its judgment will be affirmed.

*Affirmed.*