## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

ANNE KLEIN v. NATIONAL TODDLE HOUSE CORPORATION, ET AL.

March 9, 1970.

Record No. 7061.

Present, All the Justices.

*Eugene Forrest Gordman,* for plaintiff in error.

*William T. Prince* (*Williams, Worrell, Kelly & Worthington,* on brief), for defendants in error.

HARMAN, J., delivered the opinion of the court.

On February 22, 1968, the trial court sustained a demurrer and motion to dismiss filed by the defendants, Dobbs Houses, Inc., hereafter referred to as Dobbs, and National Toddle House Corporation, hereafter referred to as National, to the plaintiff's third amended motion for judgment. A final order was entered dismissing the plaintiff's action.

The original motion for judgment was instituted on September 27, 1965, against Dobbs alleging that the plaintiff was a patron on premises operated and controlled by Dobbs as a restaurant and that she sustained personal injury as the result of negligence of Dobbs and as a result of a nuisance maintained on the premises by Dobbs.

Dobbs, in its grounds of defense filed on October 14, 1965, denied that it operated or controlled the premises and denied the other allegations of the motion for judgment.

The plaintiff subsequently filed interrogatories to which a motion to quash was filed by Dobbs. The plaintiff thereafter made a motion for discovery which was denied by the court. These interrogatories were filed and the motion for discovery was made when Dobbs was the only defendant.

The pleadings went through a series of amended motions for judgment. In each instance demurrers were filed and sustained, but no exceptions were taken in connection with the sustaining of the demurrers to the first and second amended motions for judgment.

After the filing of the first amended motion for judgment, in which National was added as a defendant, the interrogatories filed by the plaintiff were quashed.

The plaintiff's third amended motion for judgment was filed on July 31, 1967, and the defendants, Dobbs and National, demurred to such third amended motion for judgment.

The demurrer filed by the defendants, Dobbs and National, voluntarily set forth as its only ground ". . . that the allegations contained therein are inconsistent in that it is alleged throughout that both defendants owned, operated, and controlled the business and premises described therein on November 7, 1963, the alleged time of the plaintiff's alleged injuries, although in paragraph 14 thereof, it is alleged that subsequent to November 7, 1963, the defendant, National, disposed of its assets and liabilities to the defendant, Dobbs, which assumed all of the obligations of the defendant, National, including the alleged liability to the plaintiff as set out in said fourth (sic) amended motion for judgment."

The third amended motion for judgment set forth, in paragraphs 1 through 13 and in paragraphs 16 through 23, a cause of action for injuries sustained by plaintiff as the result of a nuisance alleged to have been maintained by the defendants on the premises and because of alleged negligence of the defendants.

Paragraph 14 of such amended motion for judgment is as follows:

"14. The said The National Toddle House Corporation merged with and/or consolidated with and/or sold to and/or assigned and/or transferred to and/or otherwise disposed of its assets to Dobbs Houses, Inc., and Dobbs Houses, Inc. agreed to and did

assume all of the estate, property, rights, privileges and franchises and all of the obligations of The National Toddle House Corporation and the said Dobbs Houses, Inc. did agree to and did assume the liabilities of The National Toddle House Corporation; and The National Toddle House Corporation was on notice of the claim of this plaintiff and its liability to this plaintiff prior to said merger with and/or consolidation with and/or sale to and/or assignment to and/or transfer to and/or disposition of its assets to Dobbs Houses, Inc. and Dobbs Houses, Inc. was on notice, or with the exercise of reasonable care, should have been on notice of the claim of this plaintiff at the time of said merger with and/or consolidation with and/or sale from and/or assignment from and/or transfer from and/or other disposition of the assets of The National Toddle House Corporation to Dobbs Houses, Inc. and Dobbs Houses, Inc. is liable for and responsible for the liabilities, claims or causes of action against The National Toddle House Corporation, in general, and these causes of action in particular; and at the aforesaid time and place and/or at the time of the aforesaid merger with and/or consolidation with and/or sale to and/or assignment to and/or transfer to and/or disposition of its assets to Dobbs Houses, Inc."

■ Our statute requires a demurrer to be in writing except in criminal cases. While the grounds for demurrer are not required to be in writing, the statute provides that in civil cases " . . . the court on motion of any party thereto shall, or of its own motion may, require the grounds of demurrer relied on to be stated specifically in the demurrer; and no grounds shall be considered other than those so stated . . ." Code § 8-99.

Where grounds for a demurrer are voluntarily stated therein then only the grounds so stated will be considered. *Virginia and Southwestern Ry. Co.* v. *Hollingsworth,* 107 Va. 359, 58 S.E. 572 (1907).

The defendants, in their brief and at oral argument, take the position that there was a misjoinder of actions *ex contractu* and *ex delicto.* Since this was not assigned in the written ground for demurrer before the trial court, we cannot consider it here.

■ We find no inconsistency between the allegations contained in paragraph 14 and the other allegations of the motion for judgment. Both defendants could have owned and operated the premises in question on November 7, 1963, both could have maintained a nuisance thereon, both could have been guilty of negligence, as is alleged in

paragraphs 1 through 13 and in paragraphs 16 through 23 of the third amended motion for judgment.

The consolidation, merger, assignment, sale or transfer of assets subsequent to November 7, 1963, the alleged date of plaintiff's injury, could have taken place as alleged in paragraph 14 of the third amended motion for judgment but this would create no inconsistency.

Since no inconsistency appears from the pleading, it follows that the trial court was in error in sustaining the demurrer on the only written ground assigned.

From a review of the record we find no error on the part of the trial court in refusing the motion for discovery under former Rule 3:23 (c), Rules of Court, and in quashing the interrogatories filed by the plaintiff under § 8-320 of the Code. See *City of Portsmouth* v. *Cilumbrello*, 204 Va. 11, 129 S.E.2d 31 (1963) and *Hornback* v. *Highway Commissioner*, 205 Va. 50, 135 S.E.2d 136 (1964).

The judgment of the trial court is, accordingly, reversed and this case is remanded.

*Reversed and remanded.*