## Richmond

CHIPPENHAM MANOR, INC., ET AL. v. ERNEST H. DERVISHIAN, ET AL.

January 14, 1974.

Record No. 8236.

Present, All the Justices.

*Charles A. Somma, Jr.* (*Somma, Baugh & McMurtrie,* on brief), for appellants.

*Ernest H. Dervishian* (*Dervishian & Hutzler*, on brief), for appellees.

I'Anson, J., delivered the opinion of the court.

This appeal involves the action of the court below in sustaining a demurrer to a bill of complaint and dismissing the suit filed on March 27, 1972, by the plaintiffs, Chippenham Manor, Inc., Louis Adelman Associates, Inc., and Louis Adelman and Hilda E. Adelman, against the defendants, Richard Turner and William A. Dervishian, trustees, and Ernest H. Dervishian, Harold H. Dervishian, Charles S. Hutzler and William A. Dervishian, partners practicing law under the partnership name of Dervishian and Hutzler.

Plaintiffs alleged in their bill that pursuant to a written agreement entered into on March 23, 1967, Ernest H. Dervishian was employed to represent the Adelmans and Adelman Associates in the defense of a suit pending against them in the Circuit Court of Henrico County and to file a cross-bill in that suit on their behalf; that under the terms of the contract Dervishian's compensation was a combination of a retainer of $4,000, evidenced by a note payable five years after date and secured by a deed of trust on Chippenham Manor property, plus the additional sum of 10 percent of the amount saved by a favorable result, and 1/3 of any judgment obtained on the cross-bill; that they executed and delivered to Dervishian the $4,000 note and deed of trust; that thereafter Dervishian filed an answer and cross-bill on their behalf in the Henrico suit; that to their best knowledge and belief no further action was taken; that the matter was not referred to a commissioner in chancery, no hearings were held, and no evidence was taken; that on or about May 12, 1969, defendant Dervishian withdrew as their counsel; and that the defendants have demanded the payment of the $4,000 note.

The bill prayed (1) that the court enjoin the trustees under the deed of trust from foreclosing on the real property; (2) that Dervishian and Hutzler be enjoined from selling or negotiating the promissory note secured by the deed of trust; and (3) that the value of the services rendered by the attorneys be determined on a quantum meruit basis.

The demurrer filed by the defendants, which was sustained by the court below without stating the reasons therefor, asserted that the bill was not sufficient in law for the following reasons:

(1) Plaintiffs do not contest the validity of the employment contract, the note, or the deed of trust;

(2) Plaintiffs failed to allege lack of consideration but admit that they received legal representation until the relationship was terminated;

(3) Plaintiffs now attempt to change the amount of the contractual consideration five years after the agreement was executed; and

(4) Plaintiffs made no allegations which entitle them to the relief prayed for.

■ The effect of the demurrer was to admit as true all allegations of material facts which were well pleaded. *Richmond Inc.* v. *Ewing's Sons*, 200 Va. 593, 595, 106 S.E.2d 595, 596-97 (1959); *Washington* v. *Garrett*, 189 Va. 57, 61, 52 S.E.2d 83, 85 (1949). When a pleading is tested by a demurrer, "all reasonable inferences of fact which a trier of facts may fairly and justly draw from the facts alleged must be considered by the court in aid of the pleading." *Ames* v. *American Nat. Bank*, 163 Va. 1, 37-38, 176 S.E. 204, 216 (1934).

The first and second grounds of defendants' demurrer are not responsive to the allegations set forth in the bill of complaint. Plaintiffs' complaint is that Dervishian breached the contract by not fully performing his contractual obligations, and thus he was not entitled to receive the entire amount of $4,000 for services rendered.

■ Under the third ground of the demurrer, defendants say that they were entitled to the entire $4,000 because it was a "retainer fee," notwithstanding the fact that they withdrew from the case two years after rendering professional services to the plaintiff, and that plaintiffs should be barred from proceeding with this suit on the ground of laches.

The word "retainer" could mean a fee not only for the rendition of professional services when requested, but also for the attorney taking the case, making himself available to handle it, and refusing employment by plaintiffs' adversary; or it could mean solely the compensation for services to be performed in a specific case. Black's Law Dictionary (4th rev. ed. 1968) at 1479. *See also Devaney* v. *South Norfolk*, 143 Va. 768, 775, 129 S.E. 672, 674 (1925).

A fair reading of the bill of complaint, and the contract made a part thereof, permits the construction that the parties intended the "retainer fee" of $4,000 as compensation for professional services to be rendered by Dervishian in the suit pending in the Circuit Court of Henrico County until its final termination in that court. Hence it

cannot be concluded as a matter of law that the word "retainer" as used in the contract entitled Dervishian to the entire $4,000 fee.

■ Defendants' assertion that this suit was barred by laches is without substance.

■ The fourth point raised in the demurrer is no more than an assertion that the bill was not sufficient in law, since no specific grounds were stated. *Richmond Col.* v. *Scott-Nuckols*, 124 Va. 333, 338, 98 S.E. 1, 2 (1919); *Newton* v. *White*, 115 Va. 844, 849, 80 S.E. 561, 563 (1914). However, Dervishian argues that since plaintiffs' bill did not allege that counsel withdrew from the suit without good cause, a cause of action was not stated and the judgment below sustaining the demurrer should be affirmed.

When a defendant voluntarily states the grounds of his demurrer in writing, the court's consideration is limited to the grounds stated. *Klein* v. *National Toddle House*, 210 Va. 641, 643, 172 S.E.2d 782, 783 (1970); *Virginia & S. R. Co.* v. *Hollingsworth*, 107 Va. 359, 363-64, 58 S.E. 572, 573 (1907); Code § 8-99.

Since defendants voluntarily stated specific grounds in the demurrer which did not include an assertion that the bill did not allege that Dervishian withdrew from the case without good cause, the contention will not be considered by us. Our consideration of the demurrer is limited solely to the grounds specifically stated therein.

For the reasons stated, it was error to sustain the demurrer and dismiss the suit. The decree is reversed, the bill of complaint is reinstated, and the cause is remanded.

*Reversed and remanded.*