## CIRCUIT COURT OF THE CITY OF RICHMOND

Meridian Electronics, Inc.

v.

Precision Electronics, Ltd.

August 13, 1976

Case No. 9257

By JUDGE ALEX H. SANDS, JR.

This case is before the court upon defendant's motion to dismiss which will be treated as a plea in abatement based upon lack of venue.

Plaintiff, a corporation having its principal office in Richmond, has instituted this proceeding in the Circuit Court of the City of Richmond seeking to recover from defendant, a corporation, the principal place of business of which is in Virginia Beach, and the registered agent of which lives in Virginia Beach, upon open account, the purchase price of certain merchandise, the purchase contract for the purchase of which was executed in Virginia Beach, delivery of the merchandise having been made in Richmond.

Defendant bases its plea in abatement upon two grounds:

(a) that Code § 8-39 is not applicable where defendant is a corporation in which case it is contended that Code Section 8-38 is the only section under which venue can be maintained; and

(b) that accepting delivery of the merchandise in Richmond does not constitute "any part" of the contract in contemplation of Code § 8-39.

In the annotation to Code § 8-38 under the Heading "B. Where Corporation Is Defendant" the annotator's note

reads: "Suit may also be brought where cause of action arose." See note to § 8-39. The annotator's note to Section 8-39 states that § 8-39 *is* applicable to suits against corporations and the cases of *Baltimore, etc., R. Co.* v. *Gallahue*, 53 Va. (12 Gratt.) 655 (1855), and *Virginia, etc., R. Co.* v. *Hollingsworth*, 107 Va. 359, 58 S.E. 572 (1907), clearly hold that § 8-39 is applicable where defendant is a corporation. In such case defendant may base venue either on § 8-38(2) or § 8-39.

As to defendant's second point, it would appear fairly obvious that where a sale has been negotiated that delivery is an essential element of the contract. See 16 M.J., *Sales*, para. 19, where it is stated:

> Most contracts of sale are mutual contracts, contemporaneous in performance. Delivery is predicated upon payment and payment upon delivery.
> . . .

For the above reasons, defendant's motion to dismiss, which is treated as a plea in abatement, is overruled.