274

## CIRCUIT COURT OF THE CITY OF RICHMOND

Jonathan Perel,
Trustee for the
Ballyshannon Trust,
and River Locke Lot, L.L.C.

v.

Scott Brannan,
Melissa Brannan,
Locke Lane, L.C.,
River Locke Homeowners'
Association, Inc.,
Stuart C. Siegel,
Fernand Baruch, Jr.,
and Sidney J. Gunst, Jr.

February 27, 2002

Case No. HQ-1833-3

By Judge T. J. Markow

This case is before the court on a Special Plea and Demurrer filed by Defendants Scott Brannan and Melissa Brannan and a Demurrer filed by Defendants Locke Lane, L.C., River Locke Homeowners' Association, Inc., Stuart C. Siegel, Fernand Baruch, Jr., and Sidney J. Gunst, Jr. The parties appeared, and arguments were heard. The court previously announced that the Demurrer filed by Locke Lane, L.C., River Locke Homeowners' Association, Inc., Stuart C. Siegel, Fernand Baruch, Jr., and Sidney J. Gunst, Jr., was sustained as to Counts III and IV of the Bill of Complaint. For the reasons stated below, the court overrules Scott and Melissa Brannan's Special Plea and Demurrer, sustains the Demurrer to Count II as to the River Locke

Homeowners' Association, Inc., and overrules the Demurrer to Count II as to Locke Lane, L.C., Stuart C. Siegel, Fernand Baruch, Jr., and Sidney J. Gunst, Jr. The facts recited here are those alleged in or inferred from the Bill of Complaint and properly pleaded documents.

Perel is trustee of the Ballyshannon Trust, owner of approximately eighteen acres of real property adjacent to the subdivision known as the River Locke subdivision. River Locke Lot, L.L.C., is the owner of Lot 4 in the River Locke subdivision. Locke Lane is a Virginia limited liability company that developed the River Locke subdivision. Scott and Melissa Brannan are the owners of Lot 1 in the River Locke Subdivision. River Locke Homeowners' Association, Inc., is a Virginia corporation that acts as the homeowners' association for the River Locke Subdivision. Defendant Siegel is the Manager of Locke Lane and the President of the Association. Defendants Siegel, Baruch, and Gunst are the current directors of the Association.

In the fall of 1998, the Science Museum Foundation Real Estate, L.L.C., and The Science Museum of Virginia, Inc., the former owners of the real property now known as the River Locke subdivision, applied for a Special Use Permit and requested that the Planning Commission of the City of Richmond approve a plan for the River Locke subdivision. Perel objected to the proposal and plan. On November 23, 1998, the Science Museum, Locke Lane, and Perel entered into a Settlement Agreement by which Perel withdrew his objections to the proposed plan and the Science Museum and Locke Lane agreed to attach building and use restrictions to the real property that is now known as the River Locke subdivision for the benefit of the Ballyshannon Trust property. The Settlement Agreement was recorded in the Clerk's Office of this court on December 22, 1998. On July 15, 1999, Locke Lane filed in the Clerk's Office an Amended and Restated Declaration of Rights, Restrictions, Affirmative Obligations, and Conditions Applicable to All Property in River Locke. The Amended Declaration imposes restrictions on building and usage of the property in the River Locke subdivision.

Locke Lane sold Lot 1 of the River Locke Subdivision to Scott and Melissa Brannan. On September 14, 2001, Plaintiffs filed this Bill of Complaint. On October 9, 2001, the Brannans filed an Answer and Special Plea and Demurrer to the Bill of Complaint. On October 9, 2001, Locke Lane, L.C., River Locke Homeowners' Association, Inc., Siegel, Baruch, and Gunst filed a Demurrer to the Bill of Complaint.

Count I of the Bill of Complaint alleges that the Brannans breached the restrictive covenants contained in the Amended Declaration by excavating, removing vegetation, installing a retaining wall, and constructing a rear porch on Lot 1 of the River Locke subdivision.

Count II alleges that Locke Lane and the Homeowners' Association breached their contract obligations by allowing the Brannans to violate the Amended Declaration.

Count III alleges that Locke Lane and Siegel engaged in fraud by inducing Perel to withdraw his objections to proposed the Special Use Permit and subdivision plan by entering into the Settlement Agreement and Amended Declaration.

Count IV alleges that the River Locke Homeowners' Association and the Directors of the Association violated their fiduciary duties to the residents of the River Locke subdivision, including River Locke Lot, by failing to enforce the covenants and restrictions in the Amended Declaration.

The Brannans, in their Special Plea and Demurrer, allege only that Perel lacks standing to bring a claim for violation of the restrictive covenants. The Brannans do not generally demur to the Bill of Complaint or Count I. Moreover, the Brannans do not demur as to River Locke Lot or allege the Special Plea applies to River Locke Lot. As such, this Court will only address that which the Defendants allege in their Special Plea and Demurrer, the standing of Perel.

Locke Lane, River Locke Homeowners' Association, Siegel, Baruch, and Gunst demur generally to the Bill of Complaint on the grounds that Plaintiffs fail to state a claim and fail to allege sufficient facts in support and demur specifically to Counts II, III, and IV.

Locke Lane, River Locke Homeowners' Association, Siegel, Baruch, and Gunst demur to Count II on the grounds that there is no contractual duty to enforce either the Settlement Agreement or the Amended Declaration. As well, Defendants state that Perel lacks standing to sue under the Amended Declaration and River Locke Lot lacks standing to sue under the Settlement Agreement.

Locke Lane, River Locke Homeowners' Association, Siegel, Baruch, and Gunst further demur to Count II on the grounds that Plaintiffs fail to allege facts sufficient to support the request for injunctive relief and fail to state a valid cause of action for declaratory relief.

As to Count III, Locke Lane, River Locke Homeowners' Association, Siegel, Baruch, and Gunst demur on the grounds that Plaintiffs fail to allege sufficient facts to support the claim for fraud in the inducement. Defendants further demur stating River Locke Lot lacks standing to bring a claim for fraud as River Locke Lot was not a party to the Settlement Agreement.

Locke Lane, River Locke Homeowners' Association, Siegel, Baruch, and Gunst demur to Count IV on the grounds that River Locke Lot fails to state a

cause of action upon which relief can be granted and failed to allege facts necessary to support an award of punitive damages.

## *Discussion*

A demurrer admits the truth of all material facts properly pleaded, and the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993). Only grounds stated in the demurrer should be considered. Code of Virginia, 1950, as amended, § 8.01-273; *see Klein v. National Toddle House Corp.*, 210 Va. 641, 172 S.E.2d 782 (1970). However, documents properly pleaded in the Bill of Complaint may be examined by the court as a part of the allegations. *See Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156 (1991). Further, while the factual allegations in the Bill of Complaint should be assumed true, where such allegations conflict with clear language in properly pleaded documents, the court may ignore those allegations. *See Ward's Equipment v. New Holland North America*, 254 Va. 379, 493 S.E.2d 516 (1997).

The Court first examines whether Perel has standing to seek an equitable remedy for a violation of the restrictive covenants by the Brannans. "The point of standing is to ensure that the person who asserts a position has a substantial legal right to do so and that his rights will be [directly and adversely] affected by the disposition of the case." *Cupp v. Board of Supervisors*, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984).

The Brannans assert that Perel was not a party to any agreement concerning the restrictions on Lot 1 and thus cannot enforce the agreement. However, even assuming *arguendo*, that Perel was not a party to any agreement establishing restrictions, he is still entitled to enforce the agreement. If, when the agreement was entered into, it was the intention of the parties that Perel, as a third party, was to be benefited by the restriction, Perel may maintain a suit in equity to enforce the right conferred. *See Cheatham v. Taylor*, 148 Va. 26, 138 S.E. 545 (1927). Moreover, "whether or not third persons, not parties to the instrument, are within its purview, is one of intention, and this intention may appear either from the instrument alone, or from the instrument with aid of the surrounding facts and circumstances." *Id.* As such, in order to establish that he has a substantial legal right directly and adversely at stake as required by the standing analysis, Perel alleges that the parties to the agreement establishing the restrictions on the River Locke subdivision intended to benefit Perel as the trustee of the Ballyshannon Trust.

Not only did Plaintiffs specifically allege that the restrictions in the Settlement Agreement were for the benefit of the Ballyshannon Trust property, but the language of both the Settlement Agreement and the Amended Declaration indicates an intent to benefit Perel and the Ballyshannon Trust property. Furthermore, the court may look beyond the instrument to the facts and circumstances surrounding the creation of the instrument. *Cheatham* at 34. The very nature and existence of the Settlement Agreement evinces an intent to benefit Perel. Locke Lane and the Science Museum promised to benefit Perel through the establishment of covenants and restrictions on the property constituting the River Locke subdivision in exchange for Perel's withdrawal of his objections to the Special Use Permit and the subdivision plan. As alleged by Plaintiffs, the Amended Declaration exists as a fulfillment of the promises and obligations of Locke Lane and the Science Museum under the Settlement Agreement.

Plaintiffs thus allege sufficient facts to establish that the intent of the parties in creating the covenants and restrictions was to benefit Perel and the Ballyshannon Trust Property. As such, Perel has standing to seek an equitable remedy for a violation of the restrictions by the Brannans.

The Special Plea and Demurrer as to Count I of the Bill of Complaint is thus overruled.

As to the demurrer to Count II by Locke Lane, River Locke Homeowners' Association, Siegel, Baruch, and Gunst, the court must determine whether the facts and circumstances alleged in the Bill of Complaint establish the elements necessary to support a breach of contract claim. "To maintain a suit for damages resulting from a breach of contract, a plaintiff must allege a contract between the parties, defendant's breach, and damages which may naturally flow from the breach." *Shenandoah Co. v. Phosphate Corp.*, 161 Va. 642, 650 (1933).

Plaintiffs allege that Defendants breached their contractual obligations by permitting the Brannans to violate the Amended Declaration. In ruling on a demurrer, the court may look to all facts properly pleaded and all facts reasonably inferred therefrom. *See CaterCorp, Inc.* As well, the court may examine all properly pleaded documents. *See Flippo*. The only document that can possibly constitute the contract is the Settlement Agreement to which Perel, Locke Lane, and the Science Museum are parties.

In Section 3, the Settlement Agreement articulates an example of a party's impermissible deviation from the terms as "failing to carry out or enforce the [covenants, conditions, and restrictions] or by-laws. . . ." The language clearly states an obligation of the parties to enforce the covenants, conditions, and restrictions as to all the lot owners in the River Locke subdivision.

Moreover, the Settlement Agreement includes a clause specifying that the Agreement "shall bind and inure to the benefit of the parties hereto and their respective heirs, devisees, beneficiaries, assigns, and successors in interest." Elsewhere in the Settlement Agreement, Locke Lane agrees to sell to Perel "or such entity or person as he may designate by assignment or otherwise" Lot 4 of the River Locke subdivision. As such, River Locke Lot, the current owner of Lot 4 qualifies as one of the "heirs, devisees, beneficiaries, assigns, and successors in interest" of the parties. Thus, River Locke Lot is bound by the Settlement Agreement and may likewise receive the benefit therefrom.

Plaintiffs allege sufficient facts to support the Count II claim for breach of contract against Locke Lane. However, the Homeowners' Association is not a party to the Settlement Agreement. Plaintiffs likewise do not allege that the Homeowners' Association is an heir or assignee of a party to the Agreement. Therefore, the Association is not bound by or subject to the benefit of the Agreement. The demurrer as to Count II is sustained as to the Homeowners' Association.

Locke Lane, River Locke Homeowners' Association, Siegel, Baruch, and Gunst demur to the claims for injunctive relief and declaratory judgment in Count II. However, the Count II prayer for relief is not a request for injunctive relief or declaratory judgment. Rather, Plaintiffs' prayer for relief requests a finding in Plaintiffs' favor that Locke Lane and the Homeowners' Association breached the contract and requests enforcement of the contractual obligations alleged in Count II. The demurrer will not be sustained on those grounds.

It is therefore ordered that the Special Plea and Demurrer of Defendants Scott Brannan and Melissa Brannan are overruled.

The Demurrer of Defendants Locke Lane, L.C., Stuart C. Siegel, Fernand Baruch, Jr., and Sidney J. Gunst, Jr., as to Count II is overruled.

The Demurrer of Defendant River Locke Homeowners' Association as to Count II is sustained.

Pursuant to the Court's ruling at the hearing on January 23, 2002, the Demurrer of Defendants Locke Lane, River Locke Homeowners' Association, Siegel, Baruch, and Gunst as to Count III and Count IV is sustained.

It is further ordered that Plaintiffs are granted leave to file an amended pleading on or before March 15, 2002. Defendants may file a response to any amended pleadings filed by Plaintiffs within fifteen days after service on counsel for the Defendants. Should Plaintiffs fail to file an amended pleading as permitted, the counts to which the demurrer was sustained shall stand dismissed.