## CIRCUIT COURT OF AMHERST COUNTY

Angela Robinson et al.

v.

Thomas H. Brugiere et al.

September 21, 2006

Case No. CL06000154-00

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the demurrer and motions of the defendants. My rulings are as follows.

1. The failure to file an affidavit showing good cause for filing the petition under Va. Code § 2.2-3713 does not vitiate the plaintiffs' cause of action.

2. The written demurrer of the defendants is overruled.

3. The court will not consider argument of the defendants on the demurrer that there is a failure to reasonably specify in the complaint circumstances of the denial of rights and privileges under § 2.2-3713(D).

4. The court will not consider the argument of the plaintiffs that the January 2, 2006, resolution to go into executive session was invalid because it did not meet the requirements of Va. Code § 2.2-3712(A).

The defendants argued in conjunction with their demurrer that the plaintiffs have not filed a valid cause of action because they failed to file the required supporting affidavit under Va. Code § 2.2-3713. Rule 1:10 of the

Rules of the Supreme Court of Virginia addresses the failure of a party to file an affidavit when it is required by statute. Under this rule, this objection is waived unless it is made within seven days after the pleading is filed. In the instant case, there was no objection in writing filed to the complaint within the required seven days. This objection was first raised at the demurrer hearing on September 1, 2006. Accordingly, the objection is waived.

The written demurrer of the defendants is overruled because paragraphs 8 and 9 of the complaint set forth sufficient allegations that matters not lawfully exempted under FOIA were discussed at the executive session. While it is proper for the Nelson County Board of Supervisors to go into executive session for the purpose of consultation with legal counsel on specific legal matters requiring provision of legal advice under § 2.2-3711(A)(7), this does not authorize a general discussion of the merits of a zoning application or a decision to approve the application while in executive session. Accordingly, these allegations are sufficient to withstand the demurrer.

The defendants further argue that the plaintiffs have not alleged in their complaint with reasonable specificity the circumstances of the denial of rights as required by Va. Code § 2.2-3713. The court cannot consider this argument because it was not raised in the written demurrer filed by the defendants. Va. Code § 8.01-273(A) requires that all demurrers state specifically the grounds on which the pleading is insufficient. Grounds not stated in the demurrer cannot be considered by the court. *Chippenham Manor, Inc. v. Dervishian*, 214 Va. 448, 451, 201 S.E.2d 794, 796 (1974). Thus, because this issue is not raised in the written demurrer, it cannot be considered.

The plaintiffs, at page 7 of their opening memorandum, argue that the motion to go into executive session on January 10, 2006, did not comply with the requirements of Va. Code § 2.2-3712(A). The court cannot consider this argument because it has not been raised in the complaint filed by the plaintiffs. The plaintiffs have made no allegation that there was a defect in the resolution of the Nelson County Board of Supervisors to go into executive session. If this matter is to be an issue in this case, the plaintiffs must amend their complaint.

Last, plaintiffs appear to make an incorrect statement on page 3 of their supplemental memorandum. The plaintiffs seem to suggest that they do not seek a mandamus or injunction. This is clearly incorrect. The second prayer for relief on page 3 of the complaint of the plaintiffs seeks an injunction against the defendants.