# CIRCUIT COURT OF THE CITY OF NORFOLK

New Viasys Holdings, L.L.C.,
as successor to
Viasys Services, Inc.,
f/k/a Transportation
Safety Contractors, Inc.,
and Georgia Electric Co.,
a Joint Venture

v.

Virginia Department of
Transportation

July 11, 2012

Case No. CL11-6659

By Judge Charles E. Poston

This action is before the Court upon the defendant's Demurrer to the Amended Complaint. Having considered the pleadings, the written submissions of the parties in support of their respective positions, and the argument of counsel, the Court will sustain the demurrer and dismiss the action.

A dispute stemming from the construction of a Virginia Department of Transportation ("VDOT") traffic management system forms the basis of this action. On April 12, 1999, VDOT entered into a contract with Transportation Safety Contractors, Inc. ("TSC") and Georgia Electric Company ("GEC"), a Joint Venture. In December 2001, New Viasys Holdings, L.L.C. ("New

Viasys") acquired all of the stock of TSC; and on April 21, 2003, TSC changed its name to Viasys Services, Inc. ("Viasys Services"). In October 2004, GEC merged with Viasys Services, leaving Viasys Services as the sole surviving entity. On November 1, 2005, New Viasys sold all of Viasys Services' stock to a third party, Charys Holding Co.; but in April 2010, New Viasys reacquired Viasys Services' stock. New Viasys maintains that it is the successor to Viasys Services, that VDOT made certain payments to New Viasys in connection with the Project after New Viasys divested itself of Viasys Services' stock, that VDOT assessed liquidated damages against payments made to New Viasys, and that VDOT dealt with New Viasys and its personnel in the performance of the contract. New Viasys contends that, by these actions, VDOT "consented to and ratified New Viasys as a contractor and as Viasys Services' successor for all purposes with respect to the Contract." Viasys Services completed the Project on May 29, 2009. On February 1, 2010, Viasys Services submitted a claim for additional compensation to VDOT stemming from the delays in the Project. On September 6, 2010, Viasys Services received the decision of VDOT's Commissioner denying its request for additional compensation.

New Viasys brought this action on September 9, 2011, and VDOT responded with a demurrer and special plea in bar on October 7, 2011. Following a hearing on the initial demurrer on February 14, 2012, before The Honorable Norman A. Thomas, the Court sustained the demurrer by Order entered on March 6, 2012. That Order provided in pertinent part:

> Plaintiff is granted leave to amend the Complaint in the following limited and specific ways: (1) to attach such contract provisions or contract related documents and/or (2) to make such further and additional factual allegations as it deems proper or appropriate to facially establish its status as the contractor with VDOT pursuant to the statutory provisions of Virginia Code § 33.1-387.

New Viasys filed its amended complaint on March 6, 2012, and VDOT demurred to it three days later. After a hearing on April 5, 2012, the Court took the matter under advisement.

## I. *Legal Standard*

"A demurrer admits the truth of all material facts properly pleaded, including facts expressly alleged, fairly viewed as impliedly alleged, and those which can be fairly and justly inferred from the facts expressly alleged." *TC MidAtlantic Dev., Inc. v. Commonwealth*, 280 Va. 204, 210 (2010). A demurrer tests the legal sufficiency of a pleading and should be sustained if the pleading, considered in the light most favorable to the

plaintiff, fails to state a valid cause of action. *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226 (2001).

To survive a demurrer, the complaint must allege sufficient facts to:

> constitute a foundation in law for the judgment sought, and not merely conclusions of law. . . . a pleading must be made with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment. In other words, despite the liberality of presentation which the court will indulge, the motion must state a cause of action.

*Dunn, McCormick & MacPherson v. Connolly*, 281 Va. 553, 557-58 (2011).

## II. *Analysis*

The central issue in this case is whether an implied-in-fact contract between New Viasys and VDOT is sufficient to give New Viasys standing to bring this action under Virginia Code § 33.1-387. Indeed, at the April 5, 2012, hearing, counsel agreed with this statement from the bench: "So boiling all this down, the big issue comes — I think you just stated it — whether the direct implied-in-fact contract works against VDOT in these types of cases." (Tr. Apr. 5, 2012, 23:11-14.) Section 33.1-387 provides that "the contractor may institute a civil action for such sum as he claims to be entitled to under the contract for himself or for his subcontractors or for persons furnishing materials for the contract by filing the petition in the Circuit Court of the City of Richmond or where the highway project which is the subject of the contract is located." Va. Code Ann. § 33.1-387.

The doctrine of sovereign immunity holds that the Commonwealth cannot be sued without its consent. *Gray v. Virginia Secy. of Transp.*, 276 Va. 93, 101-02 (2008), and only the General Assembly "can abrogate the Commonwealth's sovereign immunity." *Id.* at 102. This means that the Commonwealth and its agencies are immune from liability "in the absence of an express constitutional or statutory waiver of sovereign immunity." *Id.* The General Assembly has created a cause of action for those in direct contract with VDOT, and that statute governs the action at bar. *See* Va. Code Ann § 33.1-387. When a statute specifies the particular parties authorized to bring an action under the statute, a person or entity does not have standing unless it is one of those authorized parties. *See Braddock, L.C. v. Board of Supervisors of Loudoun County*, 268 Va. 420 (2004). The Commonwealth can be sued only by its own consent, "and a state granting the right to its citizens to bring suit against it can be sued only in the mode prescribed." *Viking Enter. v. Chesterfield*, 277 Va. 104, 111 (2009). In this case, § 33.1-387 sets out the mode for suing VDOT on a construction contract, and only a contractor may bring suit against VDOT on a construction contract.

Several courts interpreting § 33.1-387 have determined that it must be strictly construed. In *Commonwealth v. AMEC Civil, L.L.C.*, 280 Va. 396, 406 (2010), the Supreme Court of Virginia held that "Code § 33.1-387 gives government contractors the right to file a civil action for any claim under the contract that has previously been submitted to and denied by VDOT. We have stated that this statute must be strictly construed." *Id.* (internal quotations omitted) (citing *XL Specialty Ins. Co. v. Commonwealth*, 269 Va. 362, 371 (2005)). In *AMEC*, the Supreme Court found that, even though VDOT had actual notice, the written notice requirement had not been satisfied as a condition precedent to filing suit under § 33.1-387. *Id.* at 408. In so ruling, the Supreme Court quoted with approval the following Court of Appeals analysis: "[t]o permit actual notice to suffice when the governing statute requires written notice would create an exemption that has no basis in the text of the statute." *Id.* (citing *Commonwealth v. AMEC Civil, L.L.C.*, 54 Va. App. 240, 255 (2009)).

The Supreme Court provided guidance for what constitutes a "strict construction" of § 33.1-387 in *XL Specialty Ins. Co. v. Commonwealth*, 269 Va. 362 (2005) (hereinafter "*XL I*"). In that case, a surety to a direct and express contract attempted to bring suit against VDOT under § 33.1-387. After determining that § 33.1-387 must be strictly construed, the Court held "Strictly construing the term 'contractor' in Code § 33.1-387 limits its application to those entities that have a direct contract with VDOT." *Id.* at 371. Because the surety did not have a direct contractual relationship with VDOT, the Supreme Court denied it the right to bring suit under § 33.1-387. *Id.* at 372. In a succeeding opinion, the Virginia Court of Appeals interpreted the Supreme Court's earlier decision as holding that an express contract is required to bring suit under § 33.1-387. *XL Specialty Ins. Co. v. Commonwealth*, 47 Va. App. 424, 430 (2006) (hereinafter "*XL II*").

VDOT asserts that the Supreme Court and the Court of Appeals use the terms "direct" and "express" interchangeably when talking about contracts. Furthermore, VDOT argues that any implied-in-fact contract created by VDOT would be *ultra vires* and void. *See generally Wiecking v. Allied Med. Supply Co.*, 239 Va. 548 (1990). VDOT argues that there is a firm set of procedures in place for forming transportation contracts. One of those requirements is that the contract be in writing. It is VDOT's contention that an implied-in-fact contract, as a creature of equity, is neither direct nor express. *XL I* and *II* make it clear that equitable remedies, such as equitable subrogation, do not lie against the Commonwealth. The holdings in *XL I* and *II* combined with that of *AMEC*, make it clear that § 33.1-387 must be strictly construed and that all requirements and conditions presented in the statute must actually be met for a potential litigant to have standing to sue VDOT.

These cases strengthen VDOT's argument because a surety is usually subrogated to all of the rights of the defaulting contractor. In *Electric*

*Trans. Co. v. Remington Gap Bank,* 137 Va. 194 (1923), the surety elected to complete the contract. It stepped into the shoes and took the place of the defaulting contractor and was entitled to receive what the latter would have received had he completed the contract. *Id. See also Fidelity & Casualty Co. of N.Y. v. Copenhaver Contracting Co.,* 159 Va. 126, 140 (1932); 3A Michie's Jurisprudence, *Building Contracts,* § 17. If the case at bar involved private parties, New Viasys, as the successor in interest to Viasys Services, would clearly be able to bring this suit; but because this case involved VDOT, the only cause of action available comes from § 33.1-387, a statute that must be strictly construed.

The Court, then, finds that Virginia Code § 33.1-387 requires a direct and express contractual relationship between a contractor and VDOT for the contractor to have standing to bring suit against VDOT. In this case, the only direct and express contract is between Viasys Services and VDOT. There are no allegations that any direct and express contract ever existed between New Viasys and VDOT. TSC, the contractor, apparently still exists and would be the proper party to this action. Any implied-in-fact contract between New Viasys and VDOT would be insufficient to create a cause of action under Virginia Code § 33.1-387.

Accordingly, the Court sustains VDOT's demurrer and dismisses New Viasys' first amended complaint.