# CIRCUIT COURT OF THE CITY OF NORFOLK

Carolyn Kelly,
Mother and
Personal Representative
of the Estate of
Kennita Reed,
deceased

v.

Krista G. Varnell

February 12, 2013

Case No. CL12-2395

BY JUDGE MARY JANE HALL

The matter comes before the Court on the defendant's "Demurrer and/or Special Plea of Sovereign Immunity." The sole question presented is whether the Complaint sufficiently alleges facts that would support a finding of gross negligence against Dr. Varnell, who was serving as a resident physician for the Eastern Virginia Medical School at the time of the events at issue. As such, Dr. Varnell would be entitled to the protection of sovereign immunity for acts of ordinary negligence. The Court concludes that the facts alleged support only a claim for ordinary negligence and not for gross negligence and thereby sustains the Demurrer, as set forth herein. The Court overrules the Special Plea of Sovereign Immunity, because that doctrine has no application to claims for gross negligence.

## *Factual Background*

On December 17, 2010, Plaintiff's daughter, Ms. Reed, arrived at the Sentara Emergency Department. She was six weeks pregnant and complained of abdominal pain, fever, and "worsening of pain in her suprapubic region

with urination." Dr. Varnell was the first physician to see Ms. Reed. She conducted an examination, ordered certain tests and studies, and ultimately failed to diagnose an ectopic pregnancy. The Complaint alleges that the acts of gross negligence described therein caused Ms. Reed's wrongful death on January 4, 2011.

### Legal Analysis

Defendant's Special Plea of Sovereign Immunity is addressed to an argument that the Plaintiff has not made. The law appears well-settled, and Plaintiff apparently does not contest, that residents at the Eastern Virginia Medical School are entitled to immunity for acts of ordinary negligence. *See* multiple opinions of this Court attached to Defendant's Brief as Exhibits 3 through 13 and cited in Defendant's Brief in Support of Demurrer at page 4. Because the Complaint expressly alleges gross negligence and not ordinary negligence, the doctrine of sovereign immunity does not apply. Plaintiff urges the Court to conclude not that a cause of action for ordinary negligence should be permitted to go forward, but that the facts alleged do support a claim for gross negligence.

The Virginia Supreme Court has defined gross negligence as "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another." *Hershman v. Payne*, 196 Va. 241, 245 (1954). Elsewhere, it has held, "Gross negligence amounts to the absence of slight diligence, or the want of even scant care." *Frazier v. City of Norfolk*, 234 Va. 388, 393 (1987). The Court has explained, "the difference between ordinary negligence and gross negligence is one of degree." *Green v. Ingram*, 269 Va. 281, 292 (2005).

Case law provides much guidance on what factual circumstances do *not* constitute gross negligence but very little on what does, especially in the context of a claim for medical negligence. The Court is unaware of any cases in the medical context which specifically hold that a physician's malpractice amounted to gross negligence. The Complaint in this case alleges that Dr. Varnell examined Ms. Reed, "noted that [she] was 'tender on exam and had voluntary guarding of the suprapubic area' and listed a number of possibilities under the heading of 'Assessment/Differential Diagnosis'." (Compl. at ¶ 8.) It alleges that Dr. Varnell ordered certain laboratory tests, including a blood test that showed the patient's Beta HCG count at 57,775. It alleges that she ordered a transvaginal ultrasound that she subsequently reviewed with an attending physician. (Compl. at ¶¶ 10–11.)

The Complaint additionally alleges the many things that Dr. Varnell did *not* do: a proper exam and evaluation, a proper consideration of ectopic pregnancy as a differential diagnosis given the symptoms Ms. Reed was experiencing, a proper ultrasound exam, a proper interpretation of that ultrasound exam, and ultimately, properly diagnose and treat Ms. Reed for an ectopic pregnancy.

The Court cannot harmonize the factual allegations in the Complaint with the requirements of gross negligence: the "complete neglect for the safety of another" and "the want of even scant care." *See Hershman* and *Frazier, supra.* According to the Complaint, Dr. Varnell did not "completely neglect" Ms. Reed nor did she fail to provide even "scant care." She examined the patient; she ordered some tests; and she reviewed those tests with another physician. Even though she then arrived at a colossally erroneous conclusion that allegedly cost the patient her life, the determination of gross negligence apparently does not turn on the magnitude of the error or the obviousness of the correct diagnosis. A doctor, however inept, who tries to examine and provide care for his patient would seem to be outside of the gross negligence standard no matter what ensued.

Plaintiff's counsel urged at oral argument that the Court consider the written opinion of her certifying expert witness, who concluded that Dr. Varnell had been grossly negligent and that any medical student should have recognized Ms. Reed's symptoms as those of an ectopic pregnancy. Because that written opinion is not within the four corners of the Complaint, the Court may not consider it. *TC MidAtlantic Dev., Inc. v. Commonwealth*, 280 Va. 204, 210 (2010).

The Court sustains the Demurrer on the basis that Plaintiff has alleged only a count for gross negligence with facts that, even taken as true, do not support that theory. Although the Court has already expressed doubts as to whether additional facts about the doctor's negligence could support a different outcome, given the admissions about the care that Dr. Varnell did provide, the Court will permit Plaintiff leave to file an Amended Complaint within twenty-one days.