Eric von Bernewitz
and Interior Fusion, L.L.C.

v.

Workplace Solutions, Inc.,
Associates in
Facilities Products, Inc.,
Maryann P. Woods,
and James D. Woods, Jr.

April 28, 2015

Case No. (Civil) CL15-2823

By Judge John R. Doyle, III

This matter came before the Court on April 9, 2015, for oral argument on a Demurrer by Defendants Workplace Solutions, Inc., Associates in Facilities Products, Inc., Maryann P. Woods, and James D. Woods, Jr., in response to Plaintiffs Eric von Bernewitz and Interior Fusion, L.L.C.'s March 12, 2015, Complaint.

Upon consideration of the pleadings and oral arguments, the Court overrules Defendants' Demurrer and Plea in Bar.

A demurrer tests the legal sufficiency of the factual allegations in a complaint, and "admits the truth of all material facts properly pleaded, including facts expressly alleged, fairly viewed as impliedly alleged, and those which can be fairly and justly inferred from the facts expressly alleged." *TC MidAtlantic Dev., Inc. v. Commonwealth*, 280 Va. 204, 210, 695 S.E.2d 543, 547 (2010); *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006). In ruling on a demurrer, the Court may not "evaluate and decide the merits of a claim." *Fun v. Virginia Mil. Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). The Court considers the facts alleged in the complaint in the light most favorable to the Plaintiff, and determines whether or not they state a cause of action. *Id.*

In the complaint filed March 12, 2015, Plaintiff alleges Defendant never intended to honor the promises made regarding the Independent Contractor Agreement contract, or to employ and pay him for the projects

listed in Schedule A of the contract. Plaintiff alleges this was fraud by the Defendant. Plaintiff alleges Defendant made Plaintiff promises regarding his commission on these projects, all while intending not to perform, as part of a scheme to remove the Plaintiff from the company without remuneration. Because these promises induced Plaintiff to act to his detriment and sell his shares of Workplace Solutions, Inc., and Associates in Facilities Products, Inc., Plaintiff alleges those promises were misrepresentations of present fact and actionable as actual fraud. *See Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985) ("[T]he promisor's intention — his state of mind — is a matter of fact. When he makes the promise, intending not to perform, his promise is a misrepresentation of present fact, and, if made to induce the promisee to act to his detriment, is actionable as an actual fraud.").

The Complaint is materially different from the prior fraud count in the Complaint in civil action No. CL14-770 and, as such, the Court denies the Plea in Bar.

This case is distinguished from the facts of *Colonial Ford Truck Sales*, in which the plaintiff and the defendant entered into an oral contract. Here, Plaintiff and Defendant entered into a written contract that included a termination agreement. At this stage on demurrer, however, the Court must accept Plaintiff's allegations that Defendant's fraudulent intentions toward Plaintiff existed from the beginning of the contract's creation. Taking the alleged facts in the light most favorable to Plaintiff, the non-moving party, the Court must overrule Defendants' Demurrer.