0.COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Ortiz, Lorish and Senior Judge Petty
Argued at Lexington, Virginia

THOMAS R. KELLEY, ET AL.

                                   MEMORANDUM OPINION* BY
v.        Record No. 0522-23-3              JUDGE LISA M. LORISH
                                     MAY 28, 2024

JAMES R. NISBET

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
C. Randall Lowe, Judge

Jonathan W. Gonzalez (William W. Sleeth III; Gordon Rees Scully
Mansukhani, LLP, on briefs), for appellants.

Byrum L. Geisler (Penn, Stuart & Eskridge, on brief), for appellee.


Thomas Kelley, Linda Morrison, and Doris Couch ("Relatives"), relatives of the late Mary

Alice Gray, appeal the circuit court's dismissal of their complaint filed under the Uniform Power of

Attorney Act (the "Act"), which sought an accounting of actions taken by James R. Nisbet, Mary

Alice's agent. Relatives filed this action "as next of kin" of Mary Alice and "on behalf of" Mary

Alice's son, Scott Lee Gray. The court dismissed the case after granting the plea in bar filed by

Nisbet, which claimed that Relatives did not have standing to bring the action on behalf of Scott.

Relatives argue on appeal that the circuit court erred in dismissing their complaint because, under

the Act, they have statutory standing in their individual capacities to obtain an accounting of the

agent's actions. Because we find that Relatives failed to sufficiently plead or prove the facts

underlying their claims to statutory standing, we find no error and affirm the circuit court's

judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

Scott Lee Gray is the surviving adult son of Mary Alice Gray and the sole beneficiary of a trust she created before her death. He is disabled and lives with his late mother's former long-time partner, James R. Nisbet. Nisbet had power of attorney over Mary Alice during the final years of her life. Relatives filed a lawsuit in the Washington County Circuit Court to obtain an accounting of Nisbet's actions under the power of attorney, pursuant to the Act. In their complaint, they alleged that Nisbet improperly used Mary Alice's funds for his own benefit, depleting assets that should benefit her son following her death.

The caption of the complaint identified the Relatives as bringing the case "[a]s next of kin and on behalf of Scott Lee Gray." The complaint stated that Relatives are "the lawful heirs of Scott Lee Gray" and that they were bringing the action under Code § 64.2-1614 "on behalf of [Scott Lee] Gray." Nisbet filed a plea in bar, arguing that Relatives lacked standing to bring an action on behalf of Scott because they were not his conservator and that, under Code § 64.2-2025, only a fiduciary could bring an action on behalf of an incapacitated person.[1]

The circuit court held a hearing on the plea in bar.[2] During the hearing, Relatives contended that they had statutory standing under Code § 64.2-1612(H) to bring an action on behalf of Scott. Relatives also argued that even if they did not have standing to file on behalf of Scott, Code § 64.2-1612 created a duty for Nisbet to account to people falling under Code § 64.2-1614(A) regarding the actions taken on Mary Alice's behalf within the five years before the request or the date of the death of Mary Alice Gray. Relatives' counsel proffered that Relatives are the nephew

---

[1] Nisbet also argued in his plea in bar that the claim was barred by res judicata based on prior judicial rulings made during a guardianship hearing for Scott, but the court denied the plea in bar as to this issue and it is not relevant to this appeal.

[2] The parties filed an agreed written statement in lieu of transcript documenting this hearing, in accordance with Rule 5A:8(c).

and sisters-in-law of Mary Alice and qualified beneficiaries of the trust and asserted that they therefore fell under Code § 64.2-1614(A). Counsel further argued that Relatives "made a reasonable request for [the requested] information" and that they "had a good faith belief that Mary Alice Gray suffered an incapacity at the time of the request, or suffered incapacity at the time the agent acted," as required by the Act. Neither Relatives nor Nisbet called any witnesses or otherwise put on any evidence.

The court issued a written opinion, dismissing Relatives' suit with prejudice. The court reasoned that while Relatives had alleged that they had standing to bring the action under Code § 64.2-1612(H) as Scott's "guardian," "conservator," or "fiduciary," they did not serve in any of these roles with respect to Scott. The court did not reference Relatives' argument that they had standing under the Act as future beneficiaries of Mary Alice's estate or as her relatives. Neither during the hearing nor after the court issued its opinion did Relatives ask the court for permission to amend their complaint.

Relatives signed the court's final order as "seen and objected to" and asserted in a written objection to the order that the case should have been dismissed only as to their ability to bring suit on behalf of Scott and not as to their ability to bring suit on their own under Code § 64.2-1612(H) and Code § 64.2-1614. Alternatively, they contended, "leave to amend should have been granted."

Relatives now appeal the circuit court's decision to dismiss their suit with prejudice, arguing that they sufficiently proved their statutory standing to bring this action and that even if they did not, they should have been allowed leave to amend their complaint to better plead the facts underlying their claims to standing.

## ANALYSIS

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019) (quoting *Hawthorne v. Vanmarter*, 279

Va. 566, 577 (2010)).  Because the parties did not present evidence on the plea in bar, "'the trial court, and the appellate court upon review, must rely solely upon the pleadings in resolving the issue presented,' which we review de novo." *Kinsey v. Va. Elec. & Power Co.*, 300 Va. 124, 130 (2021) (quoting *Tomlin v. McKenzie*, 251 Va. 478, 480 (1996)).  In doing so, we must "accept[] as true the facts stated in the plaintiff's pleadings for purposes of resolving the plea in bar." *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 112 (2008).  Likewise, we "review de novo the question of whether the appellants' factual allegations were sufficient to establish standing, as this issue presents a question of law." *Platt v. Griffith*, 299 Va. 690, 692 (2021).  In cases of statutory standing, this Court must determine only "whether the plaintiff 'is a member of the class given authority by a statute to bring suit.'" *Cherrie v. Va. Health Servs., Inc.*, 292 Va. 309, 315 (2016) (quoting *Small v. Fed. Nat'l Mortg. Ass'n*, 286 Va. 119, 125 (2013)).

This Court also reviews de novo whether a cause of action is sufficiently pleaded.  *Eagle Harbor L.L.C. v. Isle of Wight County*, 271 Va. 603, 611 (2006).  "[T]he party filing a civil action has an obligation to express the nature of the claim being asserted . . . in clear and unambiguous language so as to inform both the court and the opposing party of the nature of the claim being made." *Est. of James v. Peyton*, 277 Va. 443, 450 (2009), *superseded by statute on other grounds as recognized in Ray v. Ready*, 296 Va. 553, 559-60 (2018).  Accordingly, "when there is an ambiguity in the pleading, whether as a result of a defect in form or lack of clarity in the allegations made, the proponent has the burden to show that the pleading is sufficient to identify the claims being asserted." *Id.*

I. Relatives did not sufficiently plead or prove individual capacity standing under the Act, either in their complaint or by the admission of evidence.

Relatives concede on appeal that they have no standing to sue on behalf of Scott because they are not his conservator or fiduciary.  That said, they maintain that their complaint adequately pleaded facts necessary to establish statutory standing to an accounting under the Act in their

individual capacities. Code § 64.2-1614(A) provides that certain enumerated categories of people "may petition a court to construe a power of attorney or review the agent's conduct, and grant appropriate relief." Relatives argue that they have standing pursuant to two of these categories: "[a]n adult who is a brother, sister, niece, or nephew of the principal" under (A)(5) and "[a] person named as a beneficiary to receive any property, benefit, or contractual right on the principal's death or as a beneficiary of a trust created by or for the principal that has a financial interest in the principal's estate" under (A)(6).

Relatives contend that their complaint sufficiently pleaded their standing under (A)(5) and (A)(6) because it alleged that they were bringing the case under Code § 64.2-1614 generally (without specifying any certain subsection of the Code) and that the caption of the complaint states that, along with filing the action on behalf of Scott, they were filing "as next of kin" to Mary Alice. They also rely on the assertion in the complaint that they are "the lawful heirs of Scott Lee Gray." Finally, they cite their counsel's proffer during the hearing on the plea in bar that Morrison and Couch were sisters-in-law of Mary Alice,[3] that Kelley was Mary Alice's nephew, and that all three are successors in interest of Mary Alice's estate because they are future beneficiaries of the trust currently benefitting Scott.

The bare statement that Relatives are "the lawful heirs of Scott Lee Gray" is not enough to establish standing under (A)(5) or (A)(6). Because this is a plea in bar and no evidence was taken, we assume that this fact is true as pleaded. But the complaint does not even mention the trust, let alone plead that Relatives are named contingent beneficiaries of Mary Alice's trust such that they could qualify under (A)(6). Nor does the complaint state how Relatives were related to Mary Alice, identifying them as a "brother, sister, niece, or nephew of the principal" as required to meet the

---

[3] Relatives ask the Court to resolve the question of whether a "sister-in-law" is a "sister" within the meaning of Code § 64.2-1614(A)(5). Because answering that question is not necessary to the resolution of this appeal, we leave the issue for another case.

terms of (A)(5). Consequently, the complaint alone cannot by itself establish standing in their individual capacities.

Likewise, the proffer by Relatives' counsel during the hearing on the plea in bar cannot establish standing in their individual capacities. The agreed written statement in lieu of transcript is clear that the circuit court "heard only the argument of counsel for the parties, and no testimony or evidence was presented either in support of or in opposition to the Defendant's Plea in Bar." The argument of counsel is not evidence. *See Commonwealth v. Barney*, 302 Va. 84, 110 n.10 (2023) (Mann, J., dissenting) (explaining that counsel's argument "is not a substitute for evidence, nor can it bolster insufficient evidence"). And when no evidence is taken on a plea in bar, "the trial court, and the appellate court upon review, must rely solely upon the pleadings," *Kinsey*, 300 Va. at 130, which, as explained above, were not sufficient to show standing. Therefore, the circuit court was correct to find that Relatives failed to plead or prove that they had statutory standing under Code § 64.2-1614(A).

II. Relatives failed to ask the circuit court for leave to amend their complaint, and they cannot assign error to a decision the circuit court never made or was asked to make.

Alternatively, Relatives argue that they should have been allowed leave to amend their complaint to more specifically plead their standing under the Act. They contend that, while they never asked the circuit court for leave to amend, they still preserved any error by noting in their written objections to the final order that "leave to amend should have been granted."

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. The rule ensures that a trial court can remedy an error called to its attention while it is still able to do so, avoiding unnecessary appeals or retrials. In assessing whether an argument was sufficiently preserved at

trial, therefore, the essential question at issue is "whether the trial court had the opportunity to rule intelligently on the issue." *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010).

It is true that a party may preserve an error in a written objection to a final order or in a written statement of facts. *See* Code § 8.01-384(A) ("Arguments made at trial via . . . recital of objections in a final order . . . or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal."). But "an appellant may not assert error to the denial of leave to amend when . . . '[t]he record contains no request . . . for leave to amend . . . or a proposed . . . amended complaint.'" *Theologis v. Weiler*, 76 Va. App. 596, 612 (2023) (all but first alteration in original) (quoting *TC MidAtlantic Dev., Inc. v. Commonwealth, Dept. of Gen. Servs.*, 280 Va. 204, 214 (2010)). In *TC MidAtlantic*, for example, the circuit court dismissed the appellants' complaint without leave to amend and the appellants did not file a motion for leave to amend or a proposed amended complaint. 280 Va. at 214. Our Supreme Court rejected appellants' argument that they were "presumptively denied" the opportunity to seek amendment by the final order dismissing the complaint "without leave to amend" and held that the argument that the court should have allowed them leave to amend was not preserved. *Id.* at 214-15.

By stating that "amendment to leave should have been granted" in their written objections to the final order, Relatives did not give the court an intelligent opportunity to consider whether they should be allowed leave to amend their complaint. A party may not appeal a decision that the trial court never made or was asked to make. Nor have Relatives invoked the ends of justice exception to Rule 5A:18, and we will not apply it sua sponte. *See Merritt v. Commonwealth*, 69 Va. App. 452, 461 (2018) ("We repeatedly have held that we will not consider the ends of justice exception *sua sponte*."). Thus, the argument is waived.

CONCLUSION

Accordingly, the circuit court's ruling is affirmed.

*Affirmed.*