COURT OF APPEALS OF VIRGINIA

Present:    Judges Causey, Chaney and Callins
Argued by videoconference


M.A.B. BY AND THROUGH HIS NEXT FRIEND
  AND UNCLE E.M.
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1572-23-1                  JUDGE DORIS HENDERSON CAUSEY
                                                          FEBRUARY 11, 2025
DAVIS MOBILE HOME RENTALS, INC.


                FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                            Christopher R. Papile, Judge

            Kevin Biniazan (Lauren A. Martin; Breit Biniazan, PC, on briefs),
            for appellant.

            Julie S. Palmer (Jon A. Nichols; Harman, Claytor, Corrigan &
            Wellman, on brief), for appellee.


        M.A.B. filed a lawsuit against April Pickens and Davis Mobile Home Rentals, Inc.

(Davis Rentals) for injuries sustained from a dog attack on Davis Rentals' property. In the first

complaint, M.A.B. asserted negligence claims and a special relationship breach claim against

Davis Rentals. Davis Rentals filed a demurrer. The circuit court sustained the demurrer but

granted M.A.B. leave to amend the complaint. In the amended complaint, M.A.B. alleged the

original negligence claims and added an assumed duty claim against Davis Rentals. Davis

Rentals filed a demurrer. The circuit court sustained the demurrer in a letter opinion on June 5,

2023. By partial final judgment order under Rule 1:2, the circuit court dismissed M.A.B.'s suit

against Davis Rentals with prejudice.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

On appeal, M.A.B. argues that his amended complaint stated a claim of negligence, a breach of a special relationship, and a breach of an assumed duty. Further, M.A.B. alleges that the circuit court erred in sustaining Davis Rentals' demurrer to all three claims. Finding no error, we affirm the circuit court's judgment.

BACKGROUND

"The circuit court dismissed the case based on its review of the amended complaint. Accordingly, we accept the allegations of the amended complaint as true to determine whether they are sufficient for the case to move forward." *Doe ex rel. Doe v. Baker*, 299 Va. 628, 636 (2021). "Our recitation of the facts, of course, restates only factual allegations that, even if plausibly pleaded, are as yet wholly untested by the adversarial process." *A.H. ex rel. C.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 614 (2019).

M.A.B. lived with his mother in Newport News in a mobile home park Davis Rentals owned. April Pickens also resided in the same park. The lots of M.A.B. and Pickens were connected by walkways and driveways used by all tenants.

Davis Rentals' "Rules and Regulations" for the park—which all tenants agreed to abide by—limited the size of any pet to 20 pounds and prohibited "large breeds." Owners had to register their pets and accompany them outside, and keep them leashed if not in their own yard. The rules also disallowed "noisy," "unruly," or complained-of pets.

Pickens owned "a large dog that either was or resembled a breed of pit bull." M.A.B. asserted in the amended complaint that the dog's presence in the park violated the pet rules and that Davis Rentals should have known "of the propensity, natural inclinations, and characteristics" of a pit bull "which increased the risk" to others. M.A.B. claimed that Pickens "tether[ed] the Pit Bull using a tether that she knew or should have known was too weak and insufficient" to control her dog. The amended complaint further alleged "[u]pon information and belief" that Pickens's dog

"had a habit of barking and becoming aggressive whenever someone walked by." M.A.B.'s amended complaint alleged that Davis Rentals "knew or should have known" that Pickens's dog "became aggressive with individuals passing by" her home using the common area. According to the amended complaint, Davis Rentals "knew or should have known that the Pit Bull was routinely tethered using a weak and deficient tether that was unable to restrain" the dog and that this practice "regularly placed other tenants . . . in apprehension of physical harm" from the dog's aggressive barking and attempts to break loose.[1] The amended complaint stated that Davis Rentals "knew or should have known" that the dog presented "an unreasonably dangerous condition" for people using the common areas. No proof of any prior attack, aggression, or even the size of the dog was provided in the record.

On May 6, 2019, while M.A.B. was walking home from school, the dog's tether broke, and the dog "suddenly and unexpectedly" attacked M.A.B. He suffered multiple bite injuries to his neck and ear. The amended complaint alleged that Pickens had put the dog on the defective tether and that Davis Rentals' employees were present at the park that day.

M.A.B., through his uncle, E.M., filed a personal injury suit against Pickens and Davis Rentals. In the amended complaint, M.A.B. asserted claims against Davis Rentals for negligence, a breach of a special relationship, and a breach of an assumed duty. Davis Rentals filed a demurrer, arguing that they had no duty to protect M.A.B. from Pickens's dog. The circuit court sustained the demurrer and dismissed Davis Rentals as a party to the suit.[2] This appeal followed.

---

[1] M.A.B. also alleged that Davis Rentals created "a false sense of security" by permitting the dog to remain tethered in such a manner.

[2] Pickens remained in the suit; the circuit court entered a "Partial Final Judgment Order" dismissing Davis Rentals under Rule 1:2.

On appeal, M.A.B. asserts multiple assignments of error, arguing that the circuit court erred in sustaining the demurrer because his amended complaint pleaded sufficient facts to support all three claims against Davis Rentals. M.A.B. also alleges that Davis Rentals' demurrer "was insufficient at law" and "not ripe for a ruling by the trial court."

ANALYSIS

"This Court reviews a circuit court's decision to sustain a demurrer de novo." *Givago Growth, LLC v. iTech AG*, 300 Va. 260, 264 (2021). "A demurrer tests the legal sufficiency of the facts alleged in a complaint assuming that all facts alleged therein and all inferences fairly drawn from those facts are true." *Id.* We further "interpret those allegations in the light most favorable to the plaintiff." *Taylor v. Aids-Hilfe Koln, e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)). But any factual inferences must be reasonable and not "strained, forced, or contrary to reason." *Patterson v. City of Danville*, 301 Va. 181, 197 (2022) (quoting *Doe*, 299 Va. at 641). We also "do not accept the veracity of conclusions of law camouflaged as factual allegations or inferences." *Id.* (quoting *Doe*, 299 Va. at 641).

I. Demurrer Sufficiency

Citing Code § 8.01-273(A), M.A.B. argues that Davis Rentals' demurrer to the negligence and assumed duty claims failed to "state specifically the grounds on which" M.A.B.'s amended complaint was "insufficient at law" and that the circuit court therefore erred in sustaining the demurrer. We disagree.

"All demurrers shall be in writing and shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law. No grounds other than those stated specifically in the demurrer shall be considered by the court." Code § 8.01-273(A); *see also TC MidAtlantic Dev., Inc. v. Commonwealth*, 280 Va. 204, 214 (2010) (reversing a circuit court's

- 4 -

decision sustaining a demurrer for a reason not stated in the written pleading). Davis Rentals' demurrer argued, broadly, that Davis Rentals owed M.A.B. no duty to protect him from Pickens's dog under any theory of liability, that the tenancy contract did not change that common law rule, and to do otherwise would make landlords strictly liable for tenants' pets. *Isbell v. Com. Inv. Assocs.*, 273 Va. 605, 611 (2007). The demurrer put M.A.B. on notice of the grounds for Davis Rentals' claim, as evidenced by M.A.B.'s detailed responding brief and oral argument. The circuit court's letter opinion stayed within the bounds of the demurrer by determining that Davis Rentals owed M.A.B. no duty as to Pickens's dog. The demurrer was sufficient under Code § 8.01-273(A), and we now address the merits of the controversy.

## II. Negligence

"A landlord owes the duty to his tenants to exercise ordinary care and diligence to maintain in a reasonably safe condition areas over which [the landlord] has control. However, a landlord is not an insurer of his tenant's safety." *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 157 (1974). Rather, "it is well-settled in Virginia that, under the common law, a landlord has 'no duty to maintain in a safe condition any part of the leased premises that [is] under [a tenant's] exclusive control.'" *Isbell*, 273 Va. at 611 (alterations in original) (quoting *Paytan v. Rowland*, 208 Va. 24, 26 (1967)).

The amended complaint asserted that Davis Rentals had an obligation to maintain the walkways "in reasonably safe condition." M.A.B. argues that Davis Rentals failed to do so by not enforcing the pet rules, not taking steps to build barriers between the tenant properties and the walkways, and not inspecting Pickens's tether.

According to the amended complaint, the dog initially had been tethered on Pickens's leased property and the dog "suddenly and unexpectedly" broke free and attacked M.A.B. These facts do not support a reasonable inference that Davis Rentals had notice that Pickens's dog posed a threat in the common area. To the contrary, the amended complaint conceded that the attack was both

- 5 -

"sudden" and "unexpected." Therefore, the property defect that M.A.B. identifies as the proximate cause of his injury—the tether—was on Pickens's property, not the common area. As alleged, the defective tether was under Pickens's control; Pickens owed any applicable duty related to maintaining the tether, not the landlord.

M.A.B. asserted that Davis Rentals "knew or should have known" that the tether was defective. There is no allegation in the amended complaint, however, that the dog had ever broken free of its tether, had ever previously attacked a tenant, or that any tenants had complained about the dog or its tether. The bare assertion that Davis Rentals "knew or should have known" of the defective tether creates only an inference that is "strained, forced, or contrary to reason" under the facts alleged in the amended complaint. *Patterson*, 301 Va. at 197 (quoting *Doe*, 299 Va. at 641). It also implies that Davis Rentals had some duty to inspect the tether on Pickens's property, and no such duty exists in our common law.

The pet rules do not alter the analysis. A landlord's ability to enforce rules in a lease or contract "do[es] not alter the common law rule regarding a landlord's tort liability." *See Steward v. Holland Fam. Props., LLC*, 284 Va. 282, 288 (2012) (the landlord's "limited right of entry to repair" as found in a lease did not create a duty to repair, or tort liability for failure to do so). The amended complaint did not establish that Davis Rentals owed M.A.B. a duty to monitor Pickens's dog's tether, and so M.A.B. did not plead a common law negligence claim.

### III. Negligent Breach of Special Relationship

"Generally, a person owes no duty to control the conduct of third persons in order to prevent harm to another." *Marshall v. Winston*, 239 Va. 315, 318 (1990). A "rare exception" to this general rule is the "duty to protect when a special relationship exists." *A.H.*, 297 Va. at 619. A special relationship can arise "(1) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, or (2) between the defendant and the plaintiff

- 6 -

which gives a right to protection to the plaintiff." *Id.* (quoting *Brown v. Jacobs*, 289 Va. 209, 215 (2015)). But even when there is a special relationship, the duty "only exists when the defendant could have foreseen the need 'to take affirmative action to protect [the plaintiff] from harm.'" *Id.* at 620 (alteration in original) (quoting *Burns v. Gagnon*, 283 Va. 657, 669 (2012)). This relationship can be established between "a business owner and an invitee . . .[,] an innkeeper and a guest, a common carrier and a passenger, and an employer and an employee . . . if the danger is either 'known or reasonably foreseeable' to the defendant." *Id.* at 620-21 (quoting *Terry v. Irish Fleet, Inc.*, 296 Va. 129, 136 n.3 (2018)).

M.A.B. argues that Davis Rentals had a special relationship obligation to protect M.A.B. because Davis Rentals promulgated the pet rules, had control over the common area, and "knew and/or had reason to know" that Pickens's dog "posed a threat." But "we have consistently rejected the contention that the relationship of landlord and tenant, without more, constitutes a special relationship such that a duty of care may arise with regard to the conduct of a third party." *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 108 (2001). "In denying the existence of a special relationship, we noted that a landlord is not an insurer of a tenant's safety and does not have a 'duty to act as a policeman.'" *Kellermann v. McDonough*, 278 Va. 478, 512 n.8 (2009) (internal citations omitted) (quoting *Klingbeil Mgmt. Grp. Co. v. Vito*, 233 Va. 445, 447 (1987)).

But even if we presumed a special relationship, the exception only applies to "*acts of criminal assault* by third parties."[3] *A.H.*, 297 Va. at 618 (emphasis added) (quoting *Terry*, 296 Va. at 135). The amended complaint failed to plead sufficient facts to conclude that the danger of Pickens's defective tether was "known or reasonably foreseeable" by Davis Rentals, as discussed

---

[3] *See also Thompson v. Skate Am., Inc.*, 261 Va. 121, 129 (2001); *A.H. v. Rockingham Publ'g Co.*, 255 Va. 216, 222 (1998); *Klingbeil*, 233 Va. at 448; *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132-33 (2000); *Burdette v. Marks*, 244 Va. 309, 312-13 (1992); *Gulf Reston*, 215 Va. at 157-58 (applying a special relationship analysis to a criminal assault).

above in section II. *Id.* at 621 (quoting *Terry*, 296 Va. at 136 n.3). For these reasons, the amended complaint failed to state a claim for breach of special relationship against Davis Rentals.

## IV. Assumption of Duty

"[I]t is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." *Kellermann*, 278 Va. at 489 (quoting *Nolde Bros., Inc. v. Wray*, 221 Va. 25, 28 (1980)). This duty arises when a defendant agrees "to render services to another which he should recognize as necessary for the protection of the other's person or things" and fails "to exercise reasonable care" in doing so. *Id.* (quoting *Didato v. Strehler*, 262 Va. 617, 629 (2001)). An assumption of duty may be established through "clear expression of intent," *A.H.*, 297 Va. at 624, or "impliedly assumed from the defendant's conduct," *Terry*, 296 Va. at 138.

M.A.B. asserts that Davis Rentals assumed a duty to protect M.A.B. by enforcing the pet rules. But the pet rules as stated in the amended complaint indicated that *owners* were to control their pets and failure to do so could result in removal. The pet rules did not guarantee enforcement or grant Davis Rentals additional authority to inspect tenant properties to scrutinize their pets for compliance. The pet rules provided no express guarantees of tenant safety and are not a "clear expression of intent" to do so. *A.H.*, 297 Va. at 624. The amended complaint pleaded no facts that Davis Rentals ever "impliedly assumed" those duties by enforcing the pet rules. *Terry*, 296 Va. at 138. Therefore, the amended complaint failed to state an assumed duty claim against Davis Rentals.

## CONCLUSION

For all the foregoing reasons, the circuit court did not err in sustaining Davis Rentals' demurrer to M.A.B.'s amended complaint, and we affirm the judgment.

*Affirmed.*